IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| KENNETH WAYNE FICK, ) <br> ) <br> ) <br> Plaintiff, ) <br> ) <br> vs. ) <br> ) <br> ) <br> PEOPLE OF CALIFORNIA, et al., ) <br> ) <br> Defendant. ) <br> ) <br> _____ ) | No. CV-F-05-327 REC/SMS <br><br> ORDER GRANTING COUNTY OF FRESNO'S MOTION TO QUASH SERVICE OF SUMMONS AND COMPLAINT AND DIRECTING PLAINTIFF TO FILE SECOND AMENDED COMPLAINT WITHIN 30 DAYS |

On August 1, 2005, the court heard the motion to quash service of summons and complaint filed by the County of Kern under a special appearance.

Upon due consideration of the record and the arguments of the parties, the court grants the County of Kern's motion and quashes service. The court also orders plaintiff to file a Second Amended Complaint in accordance with this Order within 30 days of the filing date of this Order.

The County of Fresno moves the court to quash the summons served on it by plaintiff or to dismiss the action for

1

insufficient service of process.  In so moving, the County avers that the summons received by the County was unaccompanied by the Amended Complaint.[1]  The record substantiates the County's position.

Rule 4(c)(1), Federal Rules of Civil Procedure, provides:

> A summons shall be served together with a copy of the complaint.  The plaintiff is responsible for service of a summons and complaint within the time allowed under subdivision (m) and shall furnish the person effecting service with the necessary copies of the summons and complaint.

Upon making a determination that process has not been properly served on a defendant, district courts possess broad discretion to either dismiss the plaintiff's complaint for failure to effect service or to simply quash service of process.  Dismissal of a complaint, however, is inappropriate when there exists a reasonable prospect that service may yet be obtained whereupon the district court should, at most, quash service, allowing the plaintiff to effect proper service.  Unbenhauer v. Woog, 969 F.2d 25, 30 (3rd Cir. 1992); Amous v. Trustmark National Bank, 195 F.R.D. 607, 610 (N.D.Miss. 2000).

Here, because plaintiff will be ordered to file a Second Amended Complaint and there exists a reasonable prospect that, thereafter, plaintiff may effect proper service, the court

---

[1] It does not appear that plaintiff filed a written opposition to this motion to quash.  On July 25, 2005, plaintiff did file a document which appears to respond to the motion to dismiss filed by the City of Fresno on July 21, 2005, which motion to dismiss is set for hearing on October 3, 2005.

2

quashes service on the County.

Plaintiff, proceeding <u>in pro per</u>, filed an Amended Complaint on May 16, 2005. The Amended Complaint names as defendants the "People of California" and "The U.S. America" and/or "People's [sic] of California and Goverment [sic] and State Offices of California and Reno, Nevada." The Amended Complaint appears for the most part to be a request for leave to proceed in this action <u>in forma pauperis</u>.[2] The Amended Complaint does state:

> The first Clauses of Articles I, II, III:
> Table of Title and Chapters,
>
> Personality Theory; Intellectual property laws, Philosophy of: G.W.F. Hegel Holding that Personal Expression from Self Actualization of Moral Rights Intellectual property Rights or View of the Individual Inventor?
> 73-505
>
> ...
>
> As of Too Order a Summons in a Civil Case, Notice of Lawsuit and Request Whith and Whithout Waiver of Service of Summons, and Service Whith and Whithout Waiver of Summons, As Will Proof of Service, Too District #3, and District #31, Citi, and County of Fresno, California, and Reno, Nevada.
>
> (A) Is Not as a Body or In the Precise Configuration and Assembly of Its Components, Generally Known or Readily Ascertainable: Proc. 6445 Constitution Shows Protection of Rights Legal and Legislation Regulation of Government Expression, (#17) Bill of Rights, Self Evidenc Instrumentality: Petition of Right;, or Deceit Bad Faith Willful Injury, Custial Responsibility Exercise: Dolus of

---

[2] However, plaintiff has already paid the filing fee. Therefore, to the extent that the Amended Complaint seeks leave to proceed <u>in forma pauperis</u>, that request is moot.

          Fault Habeas Corpus: Benefits, Grievace; 1932
          Federal Law Forbids Federal Courts From
          Roling on Police: Resolve Diputs, 29 USEA §§
          101-115 As Will Termed Labor A It -
          Injunction: Inventive Process, Natural
          Rights.

          ...

          Proc.  6445: Title 3 The President: Agreement
          on Trade Regulations Between The United
          States of America and The Republice of
          Albania,: Acknowledging Development of
          Relations and Direct Contact Between
          Nationals and Companies of Both Parties Will
          Promote Openness and Mutual Understanding and
          Cooperation and Promote Respect Recognized
          Worker Rights.

          George Bush!!!

          ...

          Has Been Decided That The President Might Be
          Give Power To Change The Tariff J.W. Hamton
          Jr. & Co. v. United States [1928]

          ...

          As of All Complant of Filed of City Hall Have
          Amount of 2500,000 x 3 7500,000.00 x 25 =
          10,000,000.00 As of All Doctor Report I Can
          Not See A Doctor Whithout being Harrassed
          P.S Over All = 6300,000,000.00 AS of 85
          Bisness and Doctor people of Fresno, and the
          County of Fresno, Mayor, City Board, County
          Board, City Police As of This The Atternory
          General Wrote Me An Sed To File As of Plublic
          Harrassment See File And it is self
          exsplanebl [sic]

None of this is intelligible and does not comply with either Rules 8 or 12(b)(6), Federal Rules of Civil Procedure.

    The Amended Complaint was filed pursuant to the March 18, 2005 Order issued by Magistrate Judge Snyder, wherein Judge Snyder conducted a <u>sua sponte</u> review of the Complaint under Rules

4

8 and 12, Federal Rules of Civil Procedure.  Judge Snyder set forth the standards governing statement of a claim upon which relief can be granted under Rules 8 and 12(b)(6) and ruled in pertinent part:

> The complaint before the Court consists of a two-inch thick stack of rambling, disconnected narratives interspersed with extraneous copies of documents, such as social security correspondence or records, administrative complaints made to law enforcement agencies, and copies of website information on government officials.  The named defendants include law enforcement agencies, state and local executives, hospitals, and individuals.
>
> The complaint does not contain a short and plain statement of the facts upon which jurisdiction in this Court might rest, of the claims made, or of the relief sought. Plaintiff's allegations are not sufficient to put any defendant on notice as to which of his or its actions violated Plaintiff's rights, or to permit the Court to determine whether Plaintiff could possibly win relief. At this point, it would be a fruitless exercise to attempt service because the complaint is so unclear that the extent of the lawsuit cannot be determined.

Judge Snyder directed plaintiff to file an Amended Complaint setting forth a short and plain statement of the facts establishing jurisdiction and Plaintiff's claim or claims, and clearly and succinctly indicating both the conduct of each defendant who plaintiff claims violated his rights, and the relief sought.  Plaintiff was also advised in this Order that the Amended Complaint must be complete in itself without reference to any prior pleading.  In dismissing the Complaint with leave to amend, Judge Snyder ordered plaintiff

5

>                    to file an amended complaint that complies
>                    with the requirements of the pertinent
>                    substantive law, the Federal Rules of Civil
>                    Procedure, and the Local Rules of Practice;
>                    ... failure to file an amended complaint in
>                    accordance with this order will be considered
>                    to be a failure to comply with an order of
>                    the Court pursuant to Local Rule 11-110 and
>                    will result in dismissal of this action.

Plaintiff has not complied with the substance of Judge Snyder's ruling in the Amended Complaint. The Amended Complaint does not allege the basis of this court's subject matter jurisdiction and makes no sense. The court hereby orders plaintiff to file a Second Amended Complaint.

The Second Amended Complaint must contain a short and plain statement of the grounds upon which the court's subject matter jurisdiction depends, a short and plain statement of the claim(s) showing that plaintiff is entitled to relief, and a demand for judgment for the relief sought by the plaintiff. Each defendant must be named in the caption and the body of the Second Amended Second Complaint. Plaintiff must allege with some degree of particularity the overt acts which each defendant engaged in that support plaintiff's claim(s) against that defendant. Plaintiff is informed that he cannot refer to the prior Complaint or Amended Complaint. Local Rule 15-220, Local Rules of Practice, requires that an amended complaint be complete in itself without reference to any prior pleading.

ACCORDINGLY:

1. The County of Kern's motion to quash service is granted.
2. Plaintiff shall file a Second Amended Complaint that

complies with the requirements of the pertinent substantive law, the Federal Rules of Civil Procedure, the Local Rules of Practice and this Order within 30 days of the filing date of this Order. Failure to timely comply will result in the dismissal of this action.

IT IS SO ORDERED.

**Dated:  August 3, 2005**              /s/ Robert E. Coyle
668554                                  UNITED STATES DISTRICT JUDGE